UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK – WHITE PLAINS DIVISION

---------------------------------------------------------------X
In Re:

LEVY VENTURES LLC,

        Debtors.
---------------------------------------------------------------X

Case No. 25-22182-shl

Chapter 11

NOTICE OF MOTION

      Upon the annexed *Motion for an Order: (1) Prohibiting Debtor's Use of Cash Collateral; (2) Requiring Debtor to Commence Adequate Protection Payments; and (3) Requiring Debtor to Provide an Accounting of Rental Income and Proposed Budget* ("Cash Collateral Motion") filed by of Jenelle Arnold, Esq., dated April 8, 2025 and the exhibits annexed thereto, NewRez LLC dba Shellpoint Mortgage Servicing ("Shellpoint"), the authorized loan servicer for various secured creditors ("Creditors"), will move this court before the Hon. Judge Sean H. Lane United States Bankruptcy Judge, on the 13th day of May, 2025 at 10:00 AM in the forenoon of that day, or as soon thereafter as counsel may be heard, at the courthouse located at United States Bankruptcy Court, Southern District of New York, 300 Quarropas Street, Room 248, White Plains, NY 10601-4140 for an Order Re Use of Cash Collateral with respect to real properties ("Properties"), on the grounds that: Debtor has failed to file a Motion to Use Cash Collateral seeking court or creditor authorizing to use any of the rental income generated by the Properties.

Dated: April 8, 2025

Please register with eCourt Appearances at

https://ecf.nysb.uscourts.gov/cgibin/nysbAppearances.pl Case participants must confirm their appearance using the eCourt Appearances tool prior to the scheduled hearing date pursuant to the time designated on the Judge's Chambers Rules. If you require assistance, please contact the presiding Judge's Chambers or Court Services at (212) 284-4040.

Respectfully submitted,

*/s/ Jenelle Arnold*
Jenelle Arnold
Attorney for Creditor
Aldridge Pite, LLP
3333 Camino Del Rio South
Suite 225
San Diego, CA 92108
Telephone: (858) 750-7600
Facsimile: (619) 590-1385
Email: JArnold@aldridgepite.com

TO:

Levy Ventures LLC
368 New Hempstead Road
No. 244
New City, NY 10956
(via U.S. Mail)

J. Ted Donovan
Goldberg Weprin Finkel Goldstein LLP
125 Park Avenue
Ste 12th Floor
New York, NY 10017
TDonovan@GWFGlaw.com
(via electronic notice and US MAIL)

Department of Justice
Southern District of New York (White Plains)
Office of the United States Trustee -NY
Alexander Hamilton Custom House
One Bowling Green, Room 534
New York, NY 10004-1408
USTPRegion02.NYECF@USDOJ.GOV
(via electronic notice)

Adam Friedman, Ralph Vartolo, Catherine Aponte And Rachel Kiefer et al as Substitute Trustees
c/o Rachel Kiefer, Esq.
Friedman Vartolo LLP

1325 Franklin Avenue, Suite 160
Garden City, NY 11530
(via U.S. mail)

Marie C. Smith, Supervisor of Assessments
William Donald Schafer Tower
6 Saint Paul Street, 11th Floor
Baltimore, MD 21202
(via U.S. mail)

Baltimore City Department of Finance
Director of Finance
100 North Holliday Street
Baltimore, MD 21202
(via U.S. mail)

Baltimore City State's Attorney
120 E. Baltimore Street
Baltimore, MD 21202
(via U.S. mail)

Internal Revenue Service
Centralized Insolvency Operations
PO Box 7346
Philadelphia, PA 19101-7346
(via U.S. mail)

NYS Attorney General
28 Liberty St
New York, NY 10005-1400
(via U.S. mail)

NYS Dept of Taxation
Bankruptcy/Special Procedure
PO Box 5300
Albany, NY 12205-0300
(via U.S. mail)

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK – WHITE PLAINS
DIVISION

---------------------------------------------------------------X     Case No. 25-22182-shl
In Re:
                                                                                                                                   Chapter 11

LEVY VENTURES LLC,

                Debtors.
---------------------------------------------------------------X

**MOTION FOR ORDER:
(1) PROHIBITING DEBTOR'S USE OF CASH COLLATERAL;
(2) REQUIRING DEBTOR TO COMMENCE ADEQUATE PROTECTION PAYMENTS;
AND (3) REQUIRING DEBTOR TO PROVIDE AN ACCOUNTING OF RENTAL
INCOME AND PROPOSED BUDGET**

NewRez LLC dba Shellpoint Mortgage Servicing ("Shellpoint"), the authorized loan servicer for various secured creditors ("Creditors"), hereby moves this Court, pursuant to 11 U.S.C. §363 for an Order: *(1) Prohibiting Debtor's Use of Cash Collateral; (2) Requiring Debtor to Commence Adequate Protection Payments; and (3) Requiring Debtor to Provide an Accounting of Rental Income and Proposed Budget* with respect to certain real properties ("Properties") (defined below), for all purposes allowed by law, the Notes (defined below), the Mortgages (defined below), and applicable law. In further support of this Motion, the undersigned respectfully states the following under penalty of perjury:

                      **I.     STATEMENT OF FACTS**

   **A. LOAN HISTORY**

     1.     Levy Ventures LLC ("Debtor") has executed and delivered or is otherwise obligated with respect to that certain promissory notes (the "Notes").

     2.     Pursuant to that certain Deeds of Trust, Assignment of Leases and Rents, Fixture Filings, and Security Agreements (the "Deeds of Trust"), all obligations (collectively, the "Subject Loans") of the Debtor under and with respect to the Notes and Deeds of Trust are secured by the

Properties (listed below). **The Deeds of Trust include Assignment of Rents provisions**. Copies of the Deeds of Trust are attached hereto.

3. All rights and remedies under the Deeds of Trust have been assigned to the Creditors (listed below) pursuant to that certain Assignments of Deed of Trust.

4. NewRez LLC dba Shellpoint Mortgage Servicing services the underlying mortgage loans and notes for the Properties referenced below:

| **Addresses** | **Creditors** | **Post-Petition Payments** | **Security Agreements** |
|---|---|---|---|
| 3012 Kentucky Ave, Baltimore, MD 21213 | U.S. Bank Trust National Association, not in its individual capacity, but solely as trustee for Determination Mortgage Trust | $1,573.56 | Exhibit 1 |
| 1429 N Luzerne Ave, Baltimore, MD 21213 | U.S. Bank Trust National Association, not in its individual capacity, but solely as trustee for Determination Mortgage Trust | $1,323.68 | Exhibit 2 |
| 512 Sheridan Ave, Baltimore, MD 21212 | U.S. Bank Trust National Association, not in its individual capacity, but solely as trustee for Determination Mortgage Trust | $1,513.52 | Exhibit 3 |
| 5234 Saint Charles Ave, Baltimore, MD 21215 | U.S. Bank Trust National Association, not in its individual capacity, but solely as trustee for Determination Mortgage Trust | $1,394.33 | Exhibit 4 |
| 5205 Saint Charles Ave, Baltimore, MD 21215 | U.S. Bank Trust National Association, not in its individual capacity but solely as Delaware trustee for Stone Roots M Trust | $1,400.82 | Exhibit 5 |

| | | | |
|---|---|---|---|
| 1814 E Belvedere Ave, Baltimore, MD 21239 | J.P. Morgan Mortgage Trust 2023-DSC2 c/o Citibank, N.A. as Delaware Trustee | $1,563.97 | Exhibit 6 |
| 2309 Homewood Ave, Baltimore, MD 21218 | Metropolitan Tower Life Insurance Company | $1,449.18 | Exhibit 7 |
| 1815 Woodbourne Ave, Baltimore, MD 21239 | U.S. Bank Trust National Association, not in its individual capacity, but solely as trustee for Determination Mortgage Trust | $1,620.18 | Exhibit 8 |
| 916 N Franklintown Rd, Baltimore, MD 21216 | U.S. Bank Trust National Association, not in its individual capacity, but solely as trustee for Determination Mortgage Trust | $1,558.90 | Exhibit 9 |
| 3315 Elmley Ave, Baltimore, MD 21213 | U.S. Bank Trust National Association, not in its individual capacity, but solely as trustee for Determination Mortgage Trust | $1,402.35 | Exhibit 10 |
| 1513 N Luzerne Ave, Baltimore, MD 21213 | U.S. Bank Trust National Association, not in its individual capacity, but solely as trustee for Determination Mortgage Trust | $1,457.48 | Exhibit 11 |
| 1502 N Luzerne Ave, Baltimore, MD 21213 | U.S. Bank Trust National Association, not in its individual capacity, but solely as trustee for Determination Mortgage Trust | $1,295.06 | Exhibit 12 |
| 2618 E Oliver St, Baltimore, MD 21213 | U.S. Bank Trust National Association, not in its individual capacity, but solely as trustee for Determination Mortgage Trust | $1,221.88 | Exhibit 13 |

| | | | |
|---|---|---|---|
| 3017 Kentucky Ave, Baltimore, MD 21213 | U.S. Bank Trust National Association, not in its individual capacity, but solely as trustee for Determination Mortgage Trust | $1,382.57 | Exhibit 14 |
| 4013 Boarman Ave, Baltimore, MD 21215 | U.S. Bank Trust National Association, not in its individual capacity, but solely as trustee for Determination Mortgage Trust | $1,548.06 | Exhibit 15 |
| 2728 Lauretta Ave, Baltimore, MD 21223 | Pacific Asset Holding LLC, a Delaware limited liability company; a wholly-owned subsidiary of Pacific Life Insurance Company | $1,354.81 | Exhibit 16 |
| 3908 W Garrison Ave, Baltimore, MD 21215 | U.S. Bank Trust National Association, not in its individual capacity but solely as Delaware trustee for Stone Roots M Trust | $1,214.15 | Exhibit 17 |
| 2918 Independence St, Baltimore, MD 21218 | U.S. Bank Trust National Association, not in its individual capacity but solely as Delaware trustee for Stone Roots M Trust | $1,456.08 | Exhibit 18 |
| 2736 Mura St, Baltimore, MD 21213 | U.S. Bank Trust National Association, not in its individual capacity but solely as Delaware trustee for Stone Roots M Trust | $1,501.59 | Exhibit 19 |
| 1021 N Carrollton Ave, Baltimore, MD 21217 | U.S. Bank Trust National Association, not in its individual capacity, but solely as trustee for Determination Mortgage Trust | $1,566.95 | Exhibit 20 |
| 1422 N Luzerne Ave, Baltimore, MD 21213 | J.P. Morgan Mortgage Trust 2023-DSC2 c/o Citibank, N.A. as Delaware Trustee | $1,312.98 | Exhibit 21 |

| | | | |
|---|---|---|---|
| 2321 N Rosedale Street, Baltimore, MD 21216 | Wilmington Savings Fund Society, FSB, not in its individual capacity but solely as owner trustee for Verus Securitization Trust 2023-INV3 | $1,740.96 | Exhibit 22 |
| 3636 Esther Pl, Baltimore, MD 21224 | JPMorgan Chase Bank, National Association | $1,540.44 | Exhibit 23 |
| 1227 E Lanvale St, Baltimore, MD 21202 | J.P. Morgan Mortgage Trust 2023-DSC2 c/o Citibank, N.A. as Delaware Trustee | $1,896.42 | Exhibit 24 |
| 408 N Clinton St, Baltimore, MD 21224 | U.S. Bank Trust Company, National Association, not in its individual capacity but solely as trustee of Grove Funding III Trust 2024-1 | $1,681.65 | Exhibit 25 |
| 5203 Saint Charles Ave, Baltimore, MD 21215 | U.S. Bank Trust National Association, not in its individual capacity, but solely as trustee for Determination Mortgage Trust | $1,325.27 | Exhibit 26 |
| 2222 Walbrook Ave, Baltimore, MD 21216 | U.S. Bank Trust National Association, not in its individual capacity, but solely as trustee for Treaty Oak Mortgage Trust | $1,331.69 | Exhibit 27 |
| 2803 Jefferson St, Baltimore, MD 21205 | Wilmington Savings Fund Society, FSB, not in its individual capacity but solely as trustee for Ibis Holdings A Trust | $1,315.00 | Exhibit 28 |
| 3406 Noble St, Baltimore, MD 21224 | ALIC ARCHWEST MORTGAGE TRUST | $1,556.57 | Exhibit 29 |
| 2226 Orleans St, Baltimore, MD 21231 | Wilmington Savings Fund Society, FSB, not in its individual capacity but solely as trustee for Ibis Holdings A Trust | $1,416.85 | Exhibit 30 |

| | | | |
|---|---|---|---|
| 416 N Glover St, Baltimore, MD 21224 | JPMorgan Chase Bank, National Association | $1,426.58 | Exhibit 31 |
| 701 N Luzerne Avenue, Baltimore, MD 21205 | Wilmington Savings Fund Society, FSB, not in its individual capacity but solely as owner trustee for Verus Securitization Trust 2023-7 | Pending | Pending |
| 5145 Nelson Ave, Baltimore, MD 21215 | U.S. Bank Trust National Association, not in its individual capacity but solely as Delaware trustee for Stone Roots M Trust | Pending | Pending |
| | | | |

5. Shellpoint is in the process of filing a Proof of Claim for each Subject Loan, which will include all applicable loan documents. The Subject Loans include escrow impounds for taxes and/or insurance. Shellpoint reserves its right to amend or supplement this Motion to include additional loans/properties, which it may service.

**B.  PROCEDURAL HISTORY**

6. On March 5, 2025, Debtor commenced the instant case by filing a voluntary petition under Chapter 11 of the Bankruptcy Code.

7. To date, Debtor has yet to file required Schedules, Statements, and other required documents, which were due at the time of filing, or no later than March 19, 2025.

8. To date, Debtor has yet to file and/or confirm a Chapter 11 Plan.

9. To date, Debtor has yet to file a Motion to Use Cash Collateral.

## II.  ARGUMENT

**A. CREDITORS HAVE A SECURITY INTEREST IN THE CASH COLLATERAL GENERATED BY THE PROPERTIES**

**1.  Legal Standard**

10. A Chapter 11 debtor is prohibited from using cash collateral without court

authorization and/or consent from the lender. 11 U.S.C. § 552(b) provides:

> Except as provided in section 363, 506(c), 522, 544, 545, 547, and 548 of this title, if the debtor and an entity entered into a security agreement before the commencement of the case and if the security interest created by such security agreement extends to property of the debtor acquired before the commencement of the case and to proceeds, product, offspring, rents, or profits of such property, then such security interest extends to such proceeds, products, offspring, rents, or profits acquired by the estate after the commencement of the case to the extent provided by such security agreement and the applicable nonbankruptcy law, except to any extent that the court, after notice and a hearing and based on the equities of the case, orders otherwise.

Moreover, 11 U.S.C. § 363(a) provides:

> In this section, "cash collateral" means cash, negotiable instruments, documents of title, securities, deposit accounts, or other cash equivalents whenever acquired in which the estate and an entity other than the estate have an interest and includes the proceeds, product, offspring, rents, or profits of property subject to a security interest as provided in section 552(b) of this title, whether existing before of after the commencement of a case under this title.

11. The Bankruptcy Code unequivocally prohibits a debtor from using cash collateral unless (A) each entity that has an interest in such cash collateral consents; or (B) the court, after notice and a hearing, authorizes such use. 11 U.S.C. §363(c)(2). There is no affirmative duty for creditors or the court to raise the issue. Rather, **a debtor** is required to obtain permission **before** using cash collateral. Here, Debtor failed to do so. The unauthorized use of cash collateral <u>alone</u> constitutes cause to dismiss or convert a Chapter 11 Case. 11 U.S.C. § 1112(b)(4)(D).

12. In the instant case, the subject Deeds of Trust include "Assignment of Rents" provisions granting Creditors security interest in rental income derived from the Properties. (*See* <u>Exhibits 1-31</u>). In other words, Creditors hold a security interest not only in the real Properties, but also in the rental income derived from the Properties.

13. Pursuant to 11 U.S.C. § 363(a), Debtor is prohibited from using the rental income without court authorization or creditor consent. As the Debtor has yet to file required Schedules

and Statements, the amount of rental income generated by the Properties is unknown. To the extent the Properties are generating any rental income, Debtor has yet to obtain authorization from the court to use the income for any purpose.

14. To date, the Debtor has yet to file a Motion to Use Cash Collateral requesting court authorization to use the rental income generated by the Properties (if any). As a result, Creditors request a court order prohibiting the Debtor form using the cash collateral for any purpose.

2. **Creditors Object to Debtor's Use of Cash Collateral and Requests Contractual Adequate Protection Payments.**

15. First, Creditors object to any use of the cash collateral unless Debtor commences adequate protection payments equal to the current contractual payment amounts, which include escrow impounds (<u>listed above</u>). The current post-petition payment amount for each Subject Loan is listed in the chart above. To the extent the Properties have been producing rental income, it appears Debtor has been using cash collateral in violation of the Bankruptcy Code. Debtor has yet to file a proposed motion seeking court authorization to use the cash collateral of Creditor for any purpose. Further, Debtor has yet to file operating reports, Schedules, or Statements. As a result, it is unclear if the Properties are currently producing rental income, on either a long-term, or a short-term basis. Creditors are being harmed by Debtor's use of cash collateral as the Subject Loans remain in default while Creditors maintain taxes and/or insurance. Based on the foregoing, Creditors request an immediate accounting of all income generated by the Properties from the petition date to present. At a minimum, Creditors assert they are entitled to adequate protection payments equal to the gross rental income, less necessary and approved property expenses.

16. Second, Creditors request copies of any leases or rental agreements associated with the Properties, including a rent roll to verify the amount of the alleged income.

17. Third, Creditors request Debtor submit a proposed Budget <u>for each Property</u>, with proposed income and expenses to verify the Debtor is not using the cash collateral for personal expenses of the Debtor's principal or insiders, which may be unrelated to the Subject Properties.

18. Fourth, Creditors request post-petition replacement lien(s) in Debtor's post-petition

rents, cash, accounts receivable and inventory, and all proceeds thereof, to the same extent and priority as any duly perfected and unavoidable liens in cash collateral held by Creditors as of the Petition Date.

19. Finally, Creditor requests Debtor immediately segregate any income produced by the Properties in a separate debtor-in-possession account.

**WHEREFORE**: Creditor respectfully request:

1. That the Court prohibit the use of cash collateral for any purpose, including for any personal expenses of Debtor's principals or insiders;

2. That the Court Order Debtor to provide an accounting of all income generated by the Properties from the petition date to present;

3. That the Court Order Debtor to commence contractual adequate protection payments to Creditors at the contractual amounts listed in the chart above, less approved and necessary property expenses;

4. That the Court grant Creditors post-petition replacement lien;

5. That the Court Order Debtor to file a proposed Budget for each Property listing income and expenses for the past six months and next six months;

6. That the Court Order Debtor to provide copies of any leases or rental agreements associated with the Properties, including a rent roll;

7. That the Court Order Debtor immediately segregate any income produced by the Properties in a separate debtor-in-possession account; and

8. Such other relief as the Court deems just and proper.

Dated: April 8, 2025

Respectfully submitted,

*/s/ Jenelle Arnold*
Jenelle Arnold
Attorney for Creditor

Aldridge Pite, LLP  
3333 Camino Del Rio South  
Suite 225  
San Diego, CA 92108  
Telephone: (858) 750-7600  
Facsimile: (619) 590-1385  
Email: JArnold@aldridgepite.com