Security Instrument. Lender shall have no obligation to pay insurance premiums or taxes except to the extent the fund established under this Section is sufficient to pay such premiums or taxes, to obtain insurance, or to notify Borrower of any matters relative to the insurance or taxes for which the fund is established under this Section. Notwithstanding the preceding, Borrower and Lender may agree to impounds of taxes and insurance which impounds shall be identified in the Note.

Lender or its designee shall hold all amounts so deposited as additional security for the sums secured by this Security Instrument. Lender may, in its sole and absolute discretion and without regard to the adequacy of its security under this Security Instrument, apply such amounts or any portion of it to any Indebtedness secured by this Security Instrument, and such application shall not be construed to cure or waive any default or notice of default under this Security Instrument.

If Lender requires deposits to be made under this Section, Borrower shall deliver to Lender all tax bills, bond and assessment statements, statements for insurance premiums, and statements for any other obligations referred to above as soon as Borrower receives such documents.

If Lender sells or assigns this Security Instrument, Lender shall have the right to transfer all amounts deposited under this Section to the purchaser or assignee. After such a transfer, Lender shall be relieved and have no further liability under this Security Instrument for the application of such deposits, and Borrower shall look solely to such purchaser or assignee for such application and for all responsibility relating to such deposits.

32.   **General Provisions.**

  32.1   **Successors and Assigns.** This Security Instrument is made and entered into for the sole protection and benefit of Lender and Borrower and their successors and assigns, and no other Person or Persons shall have any right of action under this Security Instrument. The terms of this Security Instrument shall inure to the benefit of the successors and assigns of the parties, provided, however, that the Borrower's interest under this Security Instrument cannot be assigned or otherwise transferred without the prior consent of Lender. Lender in its sole discretion may transfer this Security Instrument, and may sell or assign participations or other interests in all or any part of this Security Instrument, all without notice to or the consent of Borrower.

  32.2   **Meaning of Certain Terms.** As used in this Security Instrument and unless the context otherwise provides, the words "herein," "hereunder" and "hereof" mean and include this Security Instrument as a whole, rather than any particular provision of it.

  32.3   **Authorized Agents.** In exercising any right or remedy, or taking any action provided in this Security Instrument, Lender may act through its employees, agents, or independent contractors, as Lender expressly authorizes.

  32.4   **Gender and Number.** Wherever the context so requires in this Security Instrument, the masculine gender includes the feminine and neuter, the singular number includes the plural, and vice versa.

  32.5   **Captions.** Captions and section headings used in this Security Instrument are for convenience of reference only, are not a part of this Security Instrument, and shall not be used in construing it.

33.   **Dispute Resolution: Waiver of Right to Jury Trial.**

  33.1   **ARBITRATION.** CONCURRENTLY HEREWITH, BORROWER AND ANY GUARANTOR SHALL EXECUTE THAT CERTAIN ARBITRATION AGREEMENT WHEREBY BORROWER, ANY GUARANTOR, AND LENDER AGREE TO ARBITRATE ANY DISPUTES TO RESOLVE ANY CLAIMS (AS DEFINED IN THE ARBITRATION AGREEMENT).

---

© 2007 Geraci Law Firm; All Rights Reserved.
Deed of Trust | Loan ███████                                                                                       v171

Exhibit 1

33.2 **WAIVER OF RIGHT TO JURY TRIAL.** CONCURRENTLY HEREWITH, BORROWER AND ANY GUARANTOR SHALL EXECUTE THAT CERTAIN ARBITRATION AGREEMENT AND WAIVER OF RIGHT TO JURY TRIAL WHEREBY BORROWER, ANY GUARANTOR, AND LENDER AGREE TO WAIVE THEIR RESPECTIVE RIGHTS TO A JURY TRIAL OF ANY CLAIM (AS DEFINED IN THE ARBITRATION AGREEMENT) OR CAUSE OF ACTION BASED ON OR ARISING FROM THE LOAN.

BORROWER'S INITIALS: _____

33.3 **PROVISIONAL REMEDIES; FORECLOSURE AND INJUNCTIVE RELIEF.** Nothing in the Section above, shall be deemed to apply to or limit the right of Lender to: (a) exercise self-help remedies, (b) foreclose judicially or nonjudicially against any real or personal property collateral, or to exercise judicial or nonjudicial power of sale rights, (c) obtain from a court provisional or ancillary remedies (including, but not limited to, injunctive relief, a writ of possession, prejudgment attachment, a protective order or the appointment of a receiver), or (d) pursue rights against Borrower or any other party in a third party proceeding in any action brought against Lender (including, but not limited to, actions in bankruptcy court). Lender may exercise the rights set forth in the foregoing clauses (a) through (d), inclusive, before, during, or after the pendency of any proceeding referred to in the Section above. Neither the exercise of self-help remedies nor the institution or maintenance of an action for foreclosure or provisional or ancillary remedies or the opposition to any such provisional remedies shall constitute a waiver of the right of any Borrower, Lender or any other party, including, but not limited to, the claimant in any such action, to require submission of the dispute, claim or controversy occasioning resort to such remedies to any proceeding referred to in the Section above.

34. **Contractual Right to Appoint a Receiver Upon Default.** Upon an Event of Default under this Security Instrument or a breach of any clause of any agreement signed in connection with the Loan to Borrower, Borrower agrees that Lender may appoint a receiver to control the Mortgaged Property within seven (7) days of any default. Borrower agrees to cooperate with the receiver and turn over all control to said receiver and otherwise cooperate with the receiver appointed by Lender.

35. **Loan Agreement.** This Security Instrument is subject to the provisions of the Loan Agreement. As specifically provided in the Loan Agreement, if Borrower defaults under this Security Instrument, Lender has the right and option to foreclose against any Collateral provided under the Loan Agreement.

36. **Condominium and Planned Unit Developments.** If any of the Mortgaged Property includes a unit or units in, together with an undivided interest in the common elements of, a condominium project (the "Condominium Project") or a Planned Unit Development ("PUD"), the following additional requirements shall be in place.

    36.1 **Additional Security.** If the owners association or other entity which acts for the Condominium Project and/or PUD (the "Owners Association") holds title to property for the benefit or use of its members or shareholders, the Mortgaged Property also includes Borrower's interest in the Owners Association and the uses, proceeds and benefits of Borrower's interest.

    36.2 **Obligations.** Borrower shall perform all of Borrower's obligations under the Condominium Project's and/or PUD Constituent Documents. The "Constituent Documents" are the: (1) condominium declaration and/or any other document which creates the Condominium Project and or planned unit development; (2) any by-laws; (3) any code or regulations; and (4) other equivalent documents. Borrower shall promptly pay, when due, all dues and assessments imposed pursuant to the Constituent Documents.

© 2007 Geraci Law Firm: All Rights Reserved.
Deed of Trust | Loa[REDACTED]

v171

Exhibit 1

36.3 **Owners Association Policy Proceeds.** If the Owners Association maintains a "master" or "blanket" policy on the Condominium Project or PUD and an event of a distribution of hazard insurance proceeds in lieu of restoration or repair following a loss to the Mortgaged Property, whether to the unit or to common elements, any proceeds payable to Borrower are hereby assigned and shall be paid to Lender for application to the sums secured by this Mortgage, with any excess paid to Borrower.

36.4 **Owners Association Liability Coverage.** Borrower shall take such actions as may be reasonable to insure that the Owners Association maintains a public liability insurance policy acceptable in form, amount, and extent of coverage to Lender.

36.5 **Consent of Lender.** Borrower shall not, except after notice to Lender and with Lender's prior written consent, either partition or subdivide the Mortgaged Property or consent to:

36.5.1. the abandonment and/or termination of the Condominium Project or PUD, except for abandonment or termination required by law in the case of substantial destruction by fire or other casualty or in the case of taking by condemnation or eminent domain;

36.5.2. any amendment to any provision of the Constituent Documents if the provision is for the express benefit of Lender;

36.5.3. termination of professional management and assumption of self-management of the Owners Association; or

36.5.4. any action which would have the effect of rendering the any insurance coverage maintained by the Owners Association unacceptable to Lender.

## NON-UNIFORM COVENANTS.

Notwithstanding anything to the contrary elsewhere in this Security Instrument, Borrower and Lender further covenant and agree as follows:

37. **Default; Acceleration; Remedies.**

37.1 If an Event of Default has occurred and is continuing, Lender, at its option, may declare the Indebtedness to be immediately due and payable without further demand, and may either with or without entry or taking possession as herein provided or otherwise, proceed by suit or suits at law or in equity or any other appropriate proceeding or remedy a) to enforce payment of the Loan; b) to foreclose this Security Instrument judicially or non-judicially by the power of sale granted herein; c) to enforce or exercise any right under any Loan Document; and d) to pursue any one (1) or more other remedies provided in this Security Instrument or in any other Loan Document or otherwise afforded by Applicable Law. Borrower hereby assents to the passage of a decree for the sale of the Mortgaged Property pursuant to Lender's exercise of its rights hereunder. Each right and remedy provided in this Security Instrument or any other Loan Document is distinct from all other rights or remedies under this Security Instrument or any other Loan Document or otherwise afforded by Applicable Law, and each shall be cumulative and may be exercised concurrently, independently, or successively, in any order. Borrower has the right to bring an action to assert the nonexistence of an Event of Default or any other defense of Borrower to acceleration and sale.

37.2 Borrower acknowledges that the power of sale granted in this Security Instrument may be exercised or directed by Lender without prior judicial hearing. In the event Lender invokes the power of sale:

37.2.1. Trustee shall mail a notice of sale to the Borrower and any other parties in the manner prescribed by Applicable Law. The Trustee shall give notice of sale by public advertisement,

21

Exhibit 1

once a week for three successive weeks, and by such other means as required by Applicable Law. Any such public auction may be adjourned by the Trustee by announcement at the time and place appointed for such sale or for such adjourned sale, and, without further notice or publication, such sale may be made at the time and place to which same shall be so adjourned;

37.2.2. Trustee shall have the authority to determine the terms of the sale, subject to Applicable Law. In connection with any such sale, the whole of the Mortgaged Property may be sold in one (1) parcel as an entirety or in separate lots or parcels at the same or different times. Lender shall have the right to become the purchaser at any such sale. Trustee shall be entitled to receive fees and expenses from such sale not to exceed the amount permitted by Applicable Law;

37.2.3. within a reasonable time after the sale, Trustee shall deliver to the purchaser of the Mortgaged Property a deed or such other appropriate conveyance document conveying the Mortgaged Property so sold without any express or implied covenant or warranty. The recitals in such deed or document shall be prima facie evidence of the truth of the statements made in those recitals; and

37.2.4. the outstanding principal amount of the Loan and the other Indebtedness, if not previously due, shall be and become immediately due and payable without demand or notice of any kind. If the Mortgaged Property is sold for an amount less than the amount outstanding under the Indebtedness, the deficiency shall be determined by the purchase price at the sale or sales. Borrower waives all rights, claims, and defenses with respect to Lender's ability to obtain a deficiency judgment.

37.3    Borrower acknowledges and agrees that the proceeds of any sale shall be applied as determined by Lender unless otherwise required by Applicable Law.

37.4    In connection with the exercise of Lender's rights and remedies under this Security Instrument and any other Loan Document, there shall be allowed and included as Indebtedness: 1) all expenditures and expenses authorized by Applicable Law and all other expenditures and expenses which may be paid or incurred by or on behalf of Lender for reasonable legal fees, appraisal fees, outlays for documentary and expert evidence, stenographic charges and publication costs; 2) all expenses of any environmental site assessments, environmental audits, environmental remediation costs, appraisals, surveys, engineering studies, wetlands delineations, flood plain studies, and any other similar testing or investigation deemed necessary or advisable by Lender incurred in preparation for, contemplation of or in connection with the exercise of Lender's rights and remedies under the Loan Documents; and 3) costs (which may be reasonably estimated as to items to be expended in connection with the exercise of Lender's rights and remedies under the Loan Documents) of procuring all abstracts of title, title searches and examinations, title insurance policies, and similar data and assurance with respect to title as Lender may deem reasonably necessary either to prosecute any suit or to evidence the true conditions of the title to or the value of the Mortgaged Property to bidders at any sale which may be held in connection with the exercise of Lender's rights and remedies under the Loan Documents. All expenditures and expenses of the nature mentioned in this Section, and such other expenses and fees as may be incurred in the protection of the Mortgaged Property and rents and income therefrom and the maintenance of the lien of this Security Instrument, including the fees of any attorney employed by Lender in any litigation or proceedings affecting this Security Instrument, the Note, the other Loan Documents, or the Mortgaged Property, including bankruptcy proceedings, any Foreclosure Event, or in preparation of the commencement or defense of any proceedings or threatened suit or proceeding, or otherwise in dealing specifically therewith, shall be so much additional Indebtedness and shall be immediately due and payable by Borrower, with interest thereon at the Default Rate until paid.

37.5    Any action taken by Trustee or Lender pursuant to the provisions of this Section shall comply with the laws of the Property Jurisdiction. Such Applicable Laws shall take precedence over the

22

© 2007 Geraci Law Firm: All Rights Reserved.
Deed of Trust | Lo

v171

Exhibit 1

provisions of this Section, but shall not invalidate or render unenforceable any other provision of any Loan Document that can be construed in a manner consistent with any Applicable Law. If any provision of this Security Instrument shall grant to Lender (including Lender acting as a mortgagee-in-possession), Trustee or a receiver appointed pursuant to the provisions of this Security Instrument any powers, rights or remedies prior to, upon, during the continuance of or following an Event of Default that are more limited than the powers, rights, or remedies that would otherwise be vested in such party under any Applicable Law in the absence of said provision, such party shall be vested with the powers, rights, and remedies granted in such Applicable Law to the full extent permitted by law.

38.   **Trustee.** The Trustee shall be deemed to have accepted the terms of this trust when this Security Instrument, duly executed and acknowledged, is made a public record as provided by law. The Trustee shall not be obligated to notify any party to this Security Instrument of any pending sale under any other Security Instrument or of any action or proceeding in which Borrower, Lender, or Trustee is a party, unless such sale relates to or reasonably might affect the Mortgaged Property, this Security Instrument, Lender's security for the payment of the Indebtedness and the performance of the Obligations, or the rights or powers of Lender or Trustee under the Loan Documents, or unless such action or proceeding has been instituted by Trustee against the Mortgaged Property, Borrower, or Lender.

In case of any sale hereunder, all prerequisites to the sale shall be presumed to have been performed, and in conveyance given hereunder, all statements of facts or other recitals made therein as to any of the following, shall be taken in all courts of law or equity as prima facie evidence that the facts so stated or recited are true; i.e., the nonpayment of money secured; the request to Trustee to enforce this trust; the proper and due appointment of any substitute trustee; the advertisement of sale or time, place and manner of sale; or any other preliminary fact or thing. Trustee shall not be liable for any action taken or omitted to be taken by Trustee in good faith and reasonably believed to be within the discretion or power conferred upon Trustee by this Security Instrument and shall be answerable only for losses occurring through his or her gross negligence or willful misconduct. Borrower agrees to save and hold Trustee and Lender harmless from all loss and expense, including reasonable Attorneys' Fee, costs of a title search or abstract, and preparation of survey, incurred by reason of any action, suit or proceeding (including an action, suit or proceeding to foreclose or to collect the debt secured hereby) in and to which Trustee or Lender may be or become a party by reason hereof, including but not limited to, condemnation, bankruptcy and administration proceedings, as well as any other proceeding wherein proof of claim is required by law to be filed or in which it becomes necessary to defend or uphold the terms of this Security Instrument, and in each such instance, all money paid or expended by Trustee or Lender, together with interest thereon from date of such payment at the rate set forth in said Note or at the Default Rate, whichever is higher, shall be so much additional indebtedness secured hereby and shall be immediately due and payable by Borrower.

39.   **Power of Trustee to Reconvey or Consent.** At any time, without liability and without notice to Borrower, on Lender's written request and presentation of the Note and this Security Instrument to Trustee for endorsement, and without altering or affecting (a) the personal liability of Borrower or any other person for the payment of the Indebtedness secured by this Security Instrument, or (b) the lien of this Security Instrument on the remainder of the Mortgaged Property as security for the repayment of the full amount of the Indebtedness then or later secured by this Security Instrument, (c) or any right or power of Lender or Trustee with respect to the remainder of the Mortgaged Property, Trustee may (i) reconvey or release any part of the Mortgaged Property from the lien of this Security Instrument; (ii) approve the preparation or filing of any map or plat of the Mortgaged Property; (iii) join in the granting of any

23

© 2007 Geraci Law Firm; All Rights Reserved.
Deed of Trust | L█████████                                                                                                         v171

Exhibit 1

easement burdening the Mortgaged Property; or (iv) enter into any extension or subordination agreement affecting the Mortgaged Property or the lien of this Security Instrument.

40.  **Duty to Reconvey.** On Lender's written request reciting that all sums secured hereby have been paid, surrender of the Note and this Security Instrument to Trustee for cancellation and retention by Trustee, and payment by Borrower of any reconveyance fees customarily charged by Trustee, Trustee shall reconvey, without warranty, the Mortgaged Property then held by Trustee under this Security Instrument. The recitals in such reconveyance of any matters of fact shall be conclusive proof of their truthfulness. The grantee in such reconveyance may be described as "the person or persons legally entitled to the Mortgaged Property." Such request and reconveyance shall operate as a reassignment of the Rents assigned to Lender in this Security Instrument.

41.  **Substitution of Trustee.** Lender, at Lender's option, may from time to time, by written instrument, substitute a successor or successors to any Trustee named in or acting under this Security Instrument, which instrument, when executed and acknowledged by Lender and recorded in the office of the Recorder of the county or counties in which the Mortgaged Property is located, shall constitute conclusive proof of the proper substitution of such successor Trustee or Trustees, who shall, without conveyance from the predecessor Trustee, succeed to all right, title, estate, powers, and duties of such predecessor Trustee, including, without limitation, the power to reconvey the Mortgaged Property. To be effective, the instrument must contain the names of the original Borrower, Trustee, and Lender under this Security Instrument, the book and page or instrument or document number at which, and the county or counties in which, this Security Instrument is recorded, and the name and address of the substitute Trustee. If any notice of default has been recorded under this Security Instrument, this power of substitution cannot be exercised until all costs, fees, and expenses of the then acting Trustee have been paid. On such payment, the then acting Trustee shall endorse receipt of the payment on the instrument of substitution. The procedure provided in this Section for substitution of Trustees is not exclusive of other provisions for substitution provided by Governmental Requirements.

42.  **Assignment of Rents.** This assignment of Rents is to be effective to create a present security interest in existing and future Rents of the Mortgaged Property under Maryland law. This assignment of Rents is to be effective to create a present security interest in existing and future Rents of the Mortgaged Property, and constitutes a present assignment of the Rents subject only to the rights to receive and collect Rents granted by Lender to Borrower in this Security Instrument.

43.  **Appointment of Receiver.** In addition to any right of Lender to appoint a receiver provided for in this Security Instrument, if the Lender deems it necessary or convenient to have the rents collected by a receiver appointed for that purpose following an event of default, the Lender may apply to a court of competent jurisdiction for the appointment of a receiver of the Mortgaged Property, without notice and without regard for the adequacy of the security for the Indebtedness and without regard for the solvency of Borrower, any guarantor, or of any person, firm or other entity liable for the payment of the Indebtedness and shall have a receiver appointed. The Borrower further hereby consents to the appointment of a receiver should Lender elect to seek such relief.

44.  **Waiver of Right of Offset.** No portion of the Indebtedness secured by this Security Instrument shall be or be deemed to be offset or compensated by all or any part of any claim, cause of action, counterclaim, or cross-claim, whether liquidated or unliquidated, that Borrower may have or claim to have against Lender. Borrower hereby waives the right to offset, to the fullest extent permitted by Maryland law.

Exhibit 1

45. **Commercial/Business Purpose Loan.** Borrower hereby represents and warrants that the Loan is a commercial loan and an extension of credit for commercial and business purposes, as such terms are used in Title 12 of the Commercial Law Article of the Annotated Code of Maryland, as may be amended.

[SIGNATURES FOLLOW]

Exhibit 1

IN WITNESS WHEREOF, Borrower has executed and delivered this Security Instrument as of the date first written above.

**BORROWER:**

**LEVY VENTURES L.L.C., A MARYLAND LIMITED LIABILITY COMPANY**

By: _____
Eluzer Gold, Sole Member

© 2007 Geraci Law Firm; All Rights Reserved.
Deed of Trust | Loa[redacted]                                                                                     v171

Exhibit 1

> A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of __New York__ )
County of __Rockland__ )
On __3-29-23__ before me, __Jason C Standard__, Notary Public
      Date                                       Here Insert Name of the Officer

Personally Appeared __elvzer Cold__
                                 Name(s) of Signer(s)

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of __new york__ that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____
                  Signature of Notary Public

JASON C. STANDARD
NOTARY PUBLIC, STATE OF NEW YORK
No. 01ST6413797
Qualified in Westchester County
My Commission Expires 02/01/2025

© 2007 Geraci Law Firm; All Rights Reserved.
Deed of Trust | Lo███

v171

Exhibit 1

## Exhibit "A"
### Property Description

All that parcel of ground situated in Baltimore City, State of Maryland described as follows, that is to say:

BEGINNING FOR THE SAME at a point on the northeast side of Kentucky Avenue distant l 104.12 feet northwesterly from the corner formed by the intersection of the northeast side of | Kentucky Avenue and the northwest side of Kavon Avenue said point of beginning being < intended to be in line with the center of the partition wall there erected between the house on the lot now being described and the house of the lot adjoining thereto on the southeast and running thence northwesterly binding on the northeast side of Kentucky Avenue 15.92 feet to the southeast side of a 10 foot alley there situate running thence common with others 78.12 feet to the southwest side of a 12 foot alley with the use thereof in common with others 13.89 feet to a point in line with the center of the partition wall herein mentioned running thence southwesterly to and thru the center of said partition wall and continuing the same course in all 78.74 feet to the place of beginning.

The improvements thereon being known as 3012 Kentucky Avenue, Baltimore, Maryland 21213.

Tax ID #26-40-5912-019

Exhibit 1

WHEN RECORDED, RETURN TO:

Constructive Loans, LLC
1801 S. Meyers Rd., Suite 400
Oakbrook Terrace, IL 60181
Attention: Post Closing
Prepared By: Kesi Buffkin

## ASSIGNMENT OF BENEFICIAL INTEREST IN DEED OF TRUST, ASSIGNMENT OF LEASES AND RENTS, FIXTURE FILING, AND SECURITY AGREEMENT

For value received, BPL Mortgage Trust, LLC, having an address at 1801 S. Meyers Rd., Suite 10, Oakbrook, IL 60181 ("Assignor"), hereby grants, assigns and transfers to                having an address of                              ("Assignee"), all of the undersigned's beneficial interest in that certain Deed of Trust in the amount of $176,000.00 and dated March 29, 2023 executed by Levy Ventures L.L.C. ("Borrower"), as trustor, in favor of BPL Mortgage Trust, LLC, a Delaware Limited Liability Company, as beneficiary, recording concurrently herewith (the "Deed of Trust"), against the real property located in the City of Baltimore, County of Baltimore, State of Maryland described as follows:

SEE EXHIBIT "A," ATTACHED HERETO AND MADE A PART HEREOF,
Commonly known as 3012 Kentucky Ave, Baltimore MD 21213 (the "Deed of Trust Property");

Together with the Note therein described or referred to, the money due and to become due with interest, and all rights to accrue or assigned under said Deed of Trust.

The undersigned Assignor has independently and contemporaneously assigned and transferred to Assignee, all of the Assignor's right, title and interest in and to the Promissory Note which is secured by this Deed of Trust.

*[Signature page follows]*

*Assignment of Beneficial Interest in Deed of Trust*

1

Exhibit 1

Dated: _____3/30/23_____

ASSIGNOR:

**BPL Mortgage Trust, LLC, a Delaware Limited Liability Company**

By: _____
Name: Paul Glover
Title: Vice President

*Assignment of Beneficial Interest in Deed of Trust*

2

Exhibit 1

[*Assignor's Acknowledgement Below*]

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of Illinois            )

County of ___DuPage___     )

On ____3/30/23____ before me, ___Nakisia M. Slaughter___ /Illinois Notary Public__
   Date                                  *Here Insert Name and Title of the Officer*

Personally Appeared ____Paul Glover_____
                          *Name(s) of Signer(s)*

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

**OFFICIAL SEAL**
**NAKISIA M SLAUGHTER**
NOTARY PUBLIC, STATE OF ILLINOIS
My Commission Expires 8/17/26

I certify under PENALTY OF PERJURY under the laws of the State of Illinois that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _[signature]_
          *Signature of Notary Public*

*Assignment of Beneficial Interest in Deed of Trust*

3

Exhibit 1

### EXHIBIT "A"

### LEGAL DESCRIPTION OF PROPERTY

Exhibit 1