**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
**WHITE PLAINS DIVISION**

-------------------------------------------------------X
In re:

Levy Ventures LLC,
                     Debtor.

-------------------------------------------------------X

**AFFIRMATION IN SUPPORT OF OMNIBUS MOTION FOR RELIEF FROM AUTOMATIC STAY**

Chapter: 11
Case No.: 25-22182-shl
Judge: Hon. Sean H. Lane

      Ernest Yazzetti, Jr., an attorney at law duly admitted to practice before the Courts of the State of New York and the U.S. District Court for the Southern District of New York, hereby affirms the following to be true under penalty of perjury:

    1. I am an attorney with the law firm of McCalla Raymer Leibert Pierce, LLP, attorneys for secured Wilmington Savings Fund Society, FSB, not in its individual capacity but solely as Trustee for Ibis Holdings A Trust as serviced by Fay Servicing, LLC ("Movant"), a secured creditor of Levy Ventures LLC ("Debtor"). As such, I am fully familiar with the facts and circumstances of this case.

    2. I make this Affirmation in support of the within request for an Order Granting Omnibus Relief from the automatic stay, for cause, pursuant to 11 U.S.C. § 362(d).

    3. Jurisdiction is conferred upon this Court by the provisions of 28 U.S.C. § 1334. This is a proceeding to terminate and annul the automatic stay and therefore a "core" proceeding within the meaning of 28 U.S.C. § 157(B)(2)

    4. A copy of the Form for Motion for Relief from Stay to Foreclose a Mortgage on Real Property or a Security Interest in a Cooperative Apartment as required by General Order #533 of the Bankruptcy Court of the Southern District of New York was executed by an employee of Wilmington Savings Fund Society, FSB, not in its individual capacity but solely as Trustee for Ibis Holdings A Trust as serviced by Fay Servicing, LLC and is incorporated herein and annexed hereto as exhibits (listed below) (the "Worksheet").

5. Movant is a secured creditor of the Debtor pursuant to certain promissory notes (the "Notes") executed by Debtor as to each of the below properties. To secure the repayment of the Notes, Debtor executed certain Deeds of Trust, Assignment of Rents and Security agreements (the "Deeds of Trust"), all obligations (collectively, the "Subject Loans") of the Debtor under and with respect to the Notes and Deeds of Trust are secured by the Properties (listed below). The Deeds of Trust include Assignment of Rents provisions. Copies of the Deeds of Trust are attached hereto. The Notes were duly endorsed was transferred and conveyed to Movant. The Deeds of Trust were assigned to Movant, as evidenced by a corporate assignment of Deeds of Trust (the "Assignments of Deeds of Trust").

6. Copies of the Notes, Deeds of Trust, and Assignments of Deeds of Trust are listed below as Exhibits to the Worksheet.

7. Fay Loan Servicing, LLC ("Fay") services the underlying mortgage loans and notes for the Properties referenced below:

| Addresses | Creditors | Estimated Value: | Security Agreements |
|---|---|---|---|
| 3214 Kenyon Avenue, Baltimore, MD 21213 | Wilmington Savings Fund Society, FSB, not in its individual capacity but solely as Trustee for Ibis Holdings | $135,000.00 | **Exhibit 1** |
| 3617 Kenyon Avenue, Baltimore, MD 21213 | Wilmington Savings Fund Society, FSB, not in its individual capacity but solely as Trustee for Ibis Holdings A Trust | $200,000.00 | **Exhibit 2** |
| 1652 Darley Avenue, Baltimore, MD 21213 | Wilmington Savings Fund Society, FSB, not in its individual capacity but solely as Trustee for Ibis Holdings A Trust | $218,000.00 | **Exhibit 3** |

| | | | |
|---|---|---|---|
| 1625 N Rosedale Street, Baltimore, MD 21216 | Wilmington Savings Fund Society, FSB, not in its individual capacity but solely as Trustee for Ibis Holdings A Trust | $52,930.00 | **Exhibit 4** |
| 2840 Woodbrook Avenue, Baltimore, MD 21217 | Wilmington Savings Fund Society, FSB, not in its individual capacity but solely as Trustee for Ibis Holdings A Trust | $130,000.00 | **Exhibit 5** |
| 1123 McKean Avenue, Baltimore, MD 21217 | Wilmington Savings Fund Society, FSB, not in its individual capacity but solely as Trustee for Ibis Holdings A Trust | $180,000.00 | **Exhibit 6** |
| 1411 Ramsay Street, Baltimore, MD 21223 | Wilmington Savings Fund Society, FSB, not in its individual capacity but solely as Trustee for Ibis Holdings A Trust | $191,000.00 | **Exhibit 7** |
| 1607 Race Street, Baltimore, MD 21230 | Wilmington Savings Fund Society, FSB, not in its individual capacity but solely as Trustee for Ibis Holdings A Trust | $280,000.00 | **Exhibit 8** |
| 2529 Woodbrook Avenue, Baltimore, MD 21217 | Wilmington Savings Fund Society, FSB, not in its individual capacity but solely as Trustee for Ibis Holdings A Trust | $110,000.00 | **Exhibit 9** |
| 1108 N. Dukeland Street, Baltimore, MD 21216 | Wilmington Savings Fund Society, FSB, not in its individual capacity but solely as Trustee for Ibis Holdings A Trust | $210,000.00 | **Exhibit 10** |

| | | | |
|---|---|---|---|
| 3834 Elmora Avenue, Baltimore, MD 21213 | Wilmington Savings Fund Society, FSB, not in its individual capacity but solely as Trustee for Ibis Holdings A Trust | $180,000.00 | **Exhibit 11** |
| 3514 Dudley Avenue, Baltimore, MD 21213 | Wilmington Savings Fund Society, FSB, not in its individual capacity but solely as Trustee for Ibis Holdings A Trust | $190,000.00 | **Exhibit 12** |
| 1083 Ellicott Driveway, Baltimore, MD 21216 | Wilmington Savings Fund Society, FSB, not in its individual capacity but solely as Trustee for Ibis Holdings A Trust | $45,000.00 | **Exhibit 13** |

8. Upon information and belief, the Debtor herein owns the Properties.

9. Debtor filed a petition for relief under Chapter 11 of the U.S. Bankruptcy Code on or about March 5, 2025.

10. Fay is in the process of filing or has filed a Proof of Claim for each Subject Loan, which will include all applicable loan documents. The Subject Loans include escrow impounds for taxes and/or insurance. Fay reserves its right to amend or supplement this Motion to include additional loans/properties, which it may service.

11. At petition filing, Debtor's accounts are contractually due as listed below.

12. In addition, the Debtor has now defaulted on making post-petition mortgage payments due to Movant under the terms of the Subject Loans. As a result, the payments due for the Subject Loans are listed below.

13. The amounts now due under the Subject Loans are as follows:

| Addresses | Creditors | Total Delinquent Payments due | Total Payoff |
|---|---|---|---|
| 3214 Kenyon Avenue, Baltimore, MD 21213 | Wilmington Savings Fund Society, FSB, not in its individual capacity but solely as Trustee for Ibis Holdings | **$15,673.55** good through 6/21/2025 (See Exhibit A) | **$198,707.83 good through 6/21/2025** |
| 3617 Kenyon Avenue, Baltimore, MD 21213 | Wilmington Savings Fund Society, FSB, not in its individual capacity but solely as Trustee for Ibis Holdings A Trust | **$16,376.42** good through 6/21/2025 (See Exhibit B) | **$203,922.92 good through 6/21/2025** |
| 1652 Darley Avenue, Baltimore, MD 21213 | Wilmington Savings Fund Society, FSB, not in its individual capacity but solely as Trustee for Ibis Holdings A Trust | **$17,282.55** good through 6/21/2025 (See Exhibit C) | **$231,168.19 good through 6/21/2025** |
| 1625 N Rosedale Street, Baltimore, MD 21216 | Wilmington Savings Fund Society, FSB, not in its individual capacity but solely as Trustee for Ibis Holdings A Trust | **$16,198.30** good through 6/21/2025 (See Exhibit D) | **$208,124.29 good through 6/21/2025** |
| 2840 Woodbrook Avenue, Baltimore, MD 21217 | Wilmington Savings Fund Society, FSB, not in its individual capacity but solely as Trustee for Ibis Holdings A Trust | **$16,033.89** good through 6/21/2025 (See Exhibit E) | **$216,408.82 good through 6/21/2025** |
| 1123 McKean Avenue, Baltimore, MD 21217 | Wilmington Savings Fund Society, FSB, not in its individual capacity but solely as Trustee for Ibis Holdings A Trust | **$14,630.30** good through 6/21/2025 (See Exhibit F) | **$199,158.83 good through 6/21/2025** |

| | | | |
|---|---|---|---|
| 1411 Ramsay Street, Baltimore, MD 21223 | Wilmington Savings Fund Society, FSB, not in its individual capacity but solely as Trustee for Ibis Holdings A Trust | **$14,806.07** good through 6/21/2025 (See Exhibit G) | **$206,191.09 good through 6/21/2025** |
| 1607 Race Street, Baltimore, MD 21230 | Wilmington Savings Fund Society, FSB, not in its individual capacity but solely as Trustee for Ibis Holdings A Trust | **$30,844.90** as of 6/2/2025 (See Exhibit H) | **$484,492.43 as of 6/2/2025** |
| 2529 Woodbrook Avenue, Baltimore, MD 21217 | Wilmington Savings Fund Society, FSB, not in its individual capacity but solely as Trustee for Ibis Holdings A Trust | **$17,784.99** good through 6/21/2025 (See Exhibit I) | **$242,483.74 good through 6/21/2025** |
| 1108 N. Dukeland Street, Baltimore, MD 21216 | Wilmington Savings Fund Society, FSB, not in its individual capacity but solely as Trustee for Ibis Holdings A Trust | **$15,320.77** good through 6/21/2025 (See Exhibit J) | **$219,815.59 good through 6/21/2025** |
| 3834 Elmora Avenue, Baltimore, MD 21213 | Wilmington Savings Fund Society, FSB, not in its individual capacity but solely as Trustee for Ibis Holdings A Trust | **$15,391.85** good through 6/21/2025 (See Exhibit K) | **$200,206.47 good through 6/21/2025** |
| 3514 Dudley Avenue, Baltimore, MD 21213 | Wilmington Savings Fund Society, FSB, not in its individual capacity but solely as Trustee for Ibis Holdings A Trust | **$15,043.94** good through 6/21/2025 (See Exhibit L) | **$205,434.26 good through 6/21/2025** |
| 1083 Ellicott Driveway, Baltimore, MD 21216 | Wilmington Savings Fund Society, FSB, not in its individual capacity but solely as Trustee for Ibis Holdings A Trust | **$17,013.79** good through 6/21/2025 (See Exhibit M) | **$247,812.82 good through 6/21/2025** |

14. Upon information and belief, as a result of the total debts due and owing, Movant has been required to or will be required to advance monies for taxes and insurance to protect its

security interest.

15. Due to the failure to make payments, there exists cause to vacate the automatic stay pursuant to 11 U.S.C. § 362(d)(1).

16. Further, as set forth in the attached worksheets and above, the total amount of the liens and cost of sale exceeds the values listed and assigned to each of the Properties or provides little to no equity given the lack of post-petition mortgage payments. Copies of Movant's Broker Price Opinions are annexed hereto in Exhibits 1 to 13 to the Worksheet. Thus, the Debtor has no equity in the Properties to protect Movant's interests and serve as adequate protection, Relief is warranted pursuant to 11 U.S.C. § 362(d)(2)(A).

17. Additionally, relief from the automatic stay is also warranted under §362(d)(2)(B) as the Properties are not necessary for an effective reorganization. As Movant has shown that Debtor has no equity in the Properties, it then becomes the burden of the debtor or trustee to establish that the collateral at issue is necessary to an effective reorganization. Debtor has failed to provide any evidence to suggest that the Properties are necessary for an effective organization. The Properties provide little to no income to maintain expenses, does not provide benefit to the estate and instead are a burden to the estate as the Properties are underwater and Debtor has not shown to have sufficient income to maintain and cure all debts. Therefore, Debtor failed to meet their burden under 11 U.S.C. § 362(g)(2).

18. Finally, Debtor has not provided evidence that a successful reorganization has an expectation to be completed within a reasonable time. There must be concrete evidence of sufficient and stable cash flow to fund and maintain both the operations and obligations that would be proposed under a Chapter 11 Plan. Debtor would need to provide evidence that the Properties are an essential aspect for an effective reorganization and can be done within a reasonable amount of time. Debtor has yet to file a confirmable Chapter 11 Plan and Debtor has yet to file a Motion to Use Cash Collateral. Movant request relief pursuant to 11 U.S.C. § 362(d)(2) as there is no reasonable probability of a successful reorganization within a reasonable amount of time.

19. The Debtor, Debtor's Attorney, and the Office of the United States Trustee have each

been duly served with the within Notice of Motion, Affirmation, Exhibits and proposed Order Vacating Stay, as more fully set forth in the annexed affidavit of mailing.

20. Upon the entry of the Order Granting Relief, the unpaid portion of claims filed by Movant, shall be deemed withdrawn.

21. No prior application has been made for the relief requested herein.

**WHEREFORE,** Movant respectfully requests that the Court entered an Order terminating the automatic stay imposed by Section 362(a) of the Bankruptcy Code and as to the Properties allowing Movant to pursue its foreclosure action and granting Movant other and further relief as this Court may deem just and proper.

Dated:    06/20/2025

Respectfully Submitted,

By:    */s/Ernest Yazzetti, Jr.*
Ernest Yazzetti, Jr.
McCalla Raymer Leibert Pierce, LLP
Attorneys for Secured Creditor
420 Lexington Avenue, Suite 840
New York, NY  10170
Telephone: 8482000083
Ernest.Yazzetti@mccalla.com