**Aldridge Pite, LLP**
40 Marcus Drive, Suite 200
Melville, New York 11747
Tel: 631-454-8059 – Fax: 631-454-8169

July 28, 2025

Hon. Sean H. Lane
U.S. Bankruptcy Court, SDNY
300 Quarropas Street
White Plains, NY 10601-4140

Re:        **Levy Ventures LLC**
Creditors:    Shellpoint Mortgage Servicing, Fay Servicing LLC, Silver Hill Capital, LLC
Case:        25-22182-shl

Dear Judge Sean H. Lane:

Our office represents various loan servicers: Shellpoint Mortgage Servicing, Fay Servicing LLC, Silver Hill Capital, LLC, as servicers for various secured creditors ("Creditors") in this matter. Hearing(s) on Creditors' *Motions for Relief from the Automatic Stay* ("Motions for Relief") filed at **Docket Numbers 124, 127, 129, 130,** and adjourned hearings Creditors' *Motion(s) for an Order: (1) Prohibiting Debtor's Use of Cash Collateral; (2) Requiring Debtor to Commence Adequate Protection Payments; and (3) Requiring Debtor to Provide an Accounting of Rental Income and Proposed Budget* ("Cash Collateral Motions") filed at **Docket Numbers 26, 30, 61, 118** are scheduled for July 30, 2025.

## **MOTIONS FOR RELIEF**

Surrendered Properties

Debtor proposed to surrender the following Properties:

- 4013 Boarman Ave, Baltimore, MD 21215
  - Dkt No. 130
- 1630 Darley Avenue, Baltimore, Maryland 21213
  - Dkt No. 129
- 1230 N Caroline St, Baltimore, Maryland 21213
  - Dkt No. 124

As a result, Creditors respectively request that the Court grant the Motions for Relief, and enter an order with the same relief, and surrender language reflected in the orders previously entered at docket numbers 125 and 126:

- ORDERED, that automatic stay is hereby modified pursuant to 11 U.S.C. 362 (d) (1) and (2), to allow Creditor to foreclose the mortgage it holds on the Properties, as identified herein, and it is further;
- ORDERED, that the 14 day stay imposed by FRBP 4001(a)(3) is hereby waived, and it is further;
- ORDERED, that all communications sent by Creditor in connection with proceeding against the

Properties including, notices required by state law and communications to offer and provide information with regard to a potential Forbearance Agreements, Loan Modifications, Refinance Agreements, Loss Mitigation Agreements or other Loan Workouts, may be sent directly to the Debtor and Debtor's counsel Kevin J. Nash at knash@gwflaw.com, and it is further;

- ORDERED, that Debtor shall surrender the Properties to the Creditor upon entry of this Order. Debtor shall make no further claim of possession against the Properties in the foreclosure of the Properties or subsequent eviction proceeding(s) relating to tenants, and it is further;

- ORDERED, that Creditor does not waive any potential deficiency claim against Debtor, without prejudice to the Debtor's rights regarding valuations of the Properties or to contest any continuing liability.

Retained Properties

Debtor proposed to retain the following Property:

- 4150 Eierman Ave, Baltimore, MD 21206
  - Dkt. No. 127

As a result, Creditor respectively requests that the Court grant the Motion for Relief, and enter an order with the same relief, and adequate protection language reflected in the order previously entered at docket number 142:

- ORDERED, that the Motions for Relief from Stay us conditionally granted, and the automatic stay of 11 U.S.C. §362 shall remain in effect subject to the Debtor's compliance with this Order, and it further;

- ORDERED, that with respect to the Property, Debtor shall tender monthly contractual adequate protection payments ("Adequate Protection Payments") at the amount listed on Schedule A [to be attached to Order] to Creditor, commencing **August 1, 2025**, and continuing on the first day of each month thereafter until the earlier of: (1) confirmation of the Debtor's Plan; (2) termination of the automatic stay; (3) the Parties stipulate otherwise; (4) the Court orders otherwise; (5) dismissal of the case; or (6) conversion of the case. Payments shall be sent via certified mail to NewRez LLC d/b/a Shellpoint Mortgage Servicing, P.O. Box 10826, Greenville SC 29603-0826. Debtor shall send a separate payment for each Property and write the Property address and loan number on each payment, and it is further;

- ORDERED, that in the event of a future default on any of the above-described provisions, prior to confirmation of the Plan, Creditors may send the Debtor and Debtor's counsel (if any) a written notice of default via U.S. mail ("Default Notice") outlining the amount owed under this Order ("Default Amount"). If the Debtor fails to cure the Default Amount in full after the passage of ten (10) calendar days from the date of Default Notice, the respective Creditor may file a Certificate of Non-Compliance and proposed Order Terminating the Automatic Stay without further notice. The above default provisions shall only apply prior to confirmation of the Plan.

## CASH COLLATERAL MOTIONS

To date, the Debtor has yet to file a Motion to Use Cash Collateral. The subject security agreements include assignment of rents provisions. Debtor continues to use rental income generated by the Properties in violation of the Bankruptcy Code. Unauthorized use of cash collateral alone constitutes

cause to dismiss a Chapter 11 Case. *See* 11 U.S.C. 1112(b)(4)(D). Although Creditors sent the Debtor proposed cash collateral stipulations on numerous occasions, Debtor has yet to consent to any terms proposed by Creditors. As this is now the <u>third hearing</u> on the Cash Collateral Motions filed by Creditors, and the Debtor continues to use cash collateral without authorization, Creditors respectfully request that the Court order adequate protection payments for any property Debtor proposes to retain. Further, Creditors respectfully request that the Court enter a cash collateral order with the following provisions:

- ORDERED, that the Cash Collateral Motions filed at **26, 30, 61, 118** are conditionally granted, and, and it further,
- ORDERED, that within fifteen (15) calendar days of entry of this Order, Debtor shall file: (i) a proposed budget for each retained property with a breakdown of all income and expenses; (ii) an accounting of all income generated by each retained property and expenses associated with each retained property from the petition date to present; (iii) a statement confirming all income associated with the retained properties has been segregated in a separate debtor-in-possession account to be reflected in the Debtor's monthly operating reports; (iv) copies of all written leases associated with the retained properties; (v) a copy of any contract between the Debtor and the Debtor's property management company; and (vi) any delinquent monthly operating reports, and it is further,
- ORDERED, that Debtor may use cash collateral for the sole purpose of maintaining the retained properties in the ordinary course of business. Debtor may not use the cash collateral for any other purpose unrelated to the retained properties, including for any personal expenses of the Debtor's principals or insiders. Creditors reserve the right to object to the Debtor's proposed budget and any line item therein, and it is further,
- ORDERED, that Creditors shall be granted post-petition replacement liens to the same extent and validity of their respective pre-petition liens against the retained properties, and it is further,
- ORDERED, that Debtor shall maintain real property taxes, hazard insurance, and homeowners' association dues (if any) for all retained properties, either directly to the applicable authority, or through an escrow impound with the respective secured Creditors, and it is further,
- ORDERED, that with respect to the retained properties, Debtor shall tender monthly contractual adequate protection payments ("<u>Adequate Protection Payments</u>") at the amounts listed on Schedule A [to be attached to Order] to Creditors, commencing **August 1, 2025**, and continuing on the first day of each month thereafter until the earlier of: (1) confirmation of the Debtor's Plan; (2) termination of the automatic stay; (3) the Parties stipulate otherwise; (4) the Court orders otherwise; (5) dismissal of the case; or (6) conversion of the case. Payments shall be sent via certified mail to _____. Debtor shall send a separate payment for each Property and write the Property address and loan number on each payment, and it is further;
- ORDERED, that in the event of a future default on any of the above-described provisions, prior to confirmation of the Plan, Creditors may send the Debtor and Debtor's counsel (if any) a written notice of default via U.S. mail ("<u>Default Notice</u>") outlining the amount owed under this Order ("<u>Default Amount</u>"). If the Debtor fails to cure the Default Amount in full after the passage of ten (10) calendar days from the date of Default Notice, the respective Creditor may file a Certificate of Non-Compliance and proposed Order Terminating the Automatic Stay without further notice. The above default provisions shall only apply prior to confirmation of the Plan.

Based on information provided by the Debtor, Creditors are informed that the Debtor intends to retain

the following properties,[1] which are subject to assignment of rents provisions reflected in the mortgages, and identified in the Cash Collateral Motions:

- 1814 E Belvedere Ave, Baltimore, MD 21239
- 2618 E Oliver St, Baltimore, MD 21213
- 416 N Glover St, Baltimore, MD 21224
- 4150 Eierman Ave, Baltimore, MD 21206
- 5623 Arnhem Rd, Baltimore, MD 21206
- 1510 Popland St, Curtis Bay, MD 21226
- 1520 Popland St, Baltimore, MD 21226
- 1507 Hazel St, Baltimore, MD 21226
- 1515 N Decker Ave, Baltimore, MD 21213
- 346 S Macon St, Baltimore, MD 21224
- 910 E 30th St, Baltimore, MD 21218
- 1403 Race St, Baltimore, MD 21230
- 1012 Bennett Pl, Baltimore, MD 21223
- 308 Gusryan Ave, Baltimore, MD 21224
- 1917 Lydonlea Way, Baltimore, MD 21239
- 33 N Kresson St, Baltimore, MD 21224
- 1815 Woodbourne Ave, Baltimore, Maryland 21239
- 916 N Franklintown Rd, Baltimore, MD 21216
- 3315 Elmley Ave, Baltimore, MD 21213
- 3017 Kentucky Ave, Baltimore, MD 21213
- 2728 Lauretta Ave, Baltimore, Maryland 21223
- 2918 Independence St, Baltimore, MD 21218
- 2321 North Rosedale Street, Baltimore, MD 21216
- 5145 Nelson Ave, Baltimore, Maryland 21215
- 4942 Edgemere Ave, Baltimore, MD 21215

Accordingly, Creditors respectfully request that the Court grant the Cash Collateral Motions with the above terms for the above properties.

Thank you for your time and consideration.

Respectfully,

/s/ Jenelle Arnold
Jenelle Arnold

You may request a copy of this notice in an alternative, reasonably accommodatable format selected by Aldridge Pite, LLP such as large print, Braille, audio compact disc or other means, by calling Aldridge Pite, LLP at (631) 454-8059.

---

[1] The Court previously granted adequate protection payments for several of the properties as reflected in the Order entered at Docket Number 142.